UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUAN CARLOS CRUZ-CALIX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No. 2:26-cv-00388-MPB-MG |
| | ) |
| BRISON T. SWEARINGEN, | ) |
| TODD LYONS, | ) |
| MARKWAYNE MULLIN, | ) |
| TODD BLANCHE, | ) |
| JIM ARNOTT, | ) |
| | ) |
| Respondents. | ) |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Juan Carlos Cruz-Calix is a noncitizen who was ordered removed by an immigration judge at the conclusion of removal proceedings initiated against him. Dkt. 5 at 9. He brought this petition seeking release from custody, arguing his detention violated a federal court order issued in the Central District of California, his removal from the country could not be attained in the reasonably foreseeable future, and the U.S. Immigration and Customs Enforcement ("ICE") failed to comply with certain provisions of the Immigration and Nationality Act as required by the California district court. *Id.*

Mr. Cruz-Calix has since been released from detention. *See* dkt. 11. For the reasons discussed, the petition is **dismissed** as moot.

**I.    Background**

Mr. Cruz-Calix is a citizen of Honduras who first entered the United States in 2005. Dkt. 5 at ¶ 9-16. When he arrived, he was arrested by border patrol officers and granted voluntary return the same day. *Id.* He subsequently reentered the United States and has resided here for approximately 20 years. *Id.*

In 2010, ICE encountered Mr. Cruz-Calix while he was at the Marion County Jail. *Id.* He was issued a Notice to Appear for removal proceedings and released on his own recognizance. *Id.* Later, on August 9, 2011, the immigration judge in the removal proceedings issued an order of removal in absentia, which became final after Mr. Cruz-Calix did not appeal. *Id.*

In January 2026, Mr. Cruz-Calix's wife submitted an application for T visa on behalf of herself and Mr. Cruz-Calix as a derivative beneficiary, which is still pending. *Id.* at 4. On April 27, 2026, ICE arrested Mr. Cruz-Calix during a pre-scheduled appointment relating to his pending T visa application. *Id.* at 4. ICE cancelled his release on recognizance and took him into custody after he was determined to be subject to a final order of removal. *Id.*

Mr. Cruz-Calix was taken to the Clay County Justice Center in Brazil, Indiana. *Id.* at ¶ 18. While there, he filed a separate petition for writ of habeas corpus. *See Cruz-Calix v. Brison Swearingen, et al.*, No. 2:26-cv-306-JRS-MG, dkt. 1 (S.D. Ind. May 15, 2026) (hereinafter *Cruz-Calix I*). In that case, Mr. Cruz-Calix challenged that his detention violated the Due Process Clause of the Fifth Amendment because his removal order (in absentia) was invalid due to lack of notice; he was entitled to a mandatory stay of removal under § 237(d) of the INA; his removal was no longer reasonably foreseeable; and he had not been provided with a bond hearing. *Cruz-Calix I*, dkt. 15 at 2-3 (Order Denying Petition).

The court in *Cruz-Calix I* denied the petition, finding that it lacked jurisdiction over both the asserted defective in absentia removal order and Mr. Cruz-Calix's claim for a mandatory stay of the removal order because it was unrelated to his detention. *Id.* at 3. The Court went on to find that Mr. Cruz-Calix's detention was lawful because he was still within the 90-day removal period pursuant to the statute. *Id.*

He then filed the current petition on June 1, 2026, followed by an amended petition two days later. Dkts. 1, 5. On June 5, 2026, Mr. Cruz-Calix was transferred from Clay County to the Greene County Jail in Springfield, Missouri. Dkt. 6 at 2. That same day, the Court issued an order to show cause and directed service of the petition on the Respondents. Dkt. 7.

On June 8, 2026, three days after the Court issued an order to show cause and directed service of the petition, Mr. Cruz-Calix filed a motion for temporary restraining order seeking, among other relief, to prevent his transfer from the United States, his return to the Southern District of Indiana, and an order to show cause why the Respondents should not be held in contempt for his transfer from this district. Dkt. 6. The Court issued an order directing a response to the motion, which is now ripe. Dkt. 11-14. In the meantime, Mr. Cruz-Calix was released from detention on June 10, 2026, under conditions of supervision. Dkt. 11; dkt. 1.

## II.    Discussion

Mr. Cruz-Calix claims that his detention violated a preliminary injunction order issued by the Central District of California in *Immigr. Ctr. for Women & Child. v. Noem*, No. 2:25-CV-09848-AB-AS, 2026 WL 1455004 (C.D. Cal. May 20, 2026) (hereinafter *ICWC*). According to Mr. Cruz-Calix, he is a member of at least one of the classes certified in that case, which includes principal or derivative T visa applicants who are either, detained by ICE for "immigration enforcement," "or requested a stay of a final removal order prior to enforcement of that removal order." *Id.* at *46-47.

The order prevents enforcement of a new ICE policy[1] that had the effect of "eliminating the [] express presumption of protection from immigration enforcement for petitioners for victim-

---

[1] U.S. Immigration and Customs Enforcement Policy No. 11005.4, Interim Guidance on Civil Immigration Enforcement Actions Involving Current or Potential Beneficiaries of Victim-Based Immigration Benefits (Jan. 30, 2025). *See* ICWC, 2026 WL 1455004 at *1 (citing https://www.ice.gov/doclib/foia/policy/11005.4.pdf).

based benefits and replacing it with a presumption of enforcement subject to narrow limitations." *Id.* at *1, 6-7. The order also prevents enforcement of a "Blind Removal Policy, whereby ICE detains or removes petitioners who have requested a stay of removal without first conducting a statutorily-required inquiry into whether the petitions present a prima facie case for approval, such as by requesting prima facie determinations from USCIS." *Id.* at *7.

In response to Mr. Cruz-Calix's motion for temporary restraining order, Respondents argue that the case is now moot because the Court cannot offer any effective relief since Mr. Cruz-Calix was released from detention. Dkt. 11.

The Court agrees and finds that the petition is now moot. A habeas applicant must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). The action becomes moot once a court's ruling will change the length of the petitioner's custody. *See White v. Indiana Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Although a petition "filed while a person is in custody does not become moot at the end of custody," *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004), a case-or-controversy under Article III of the Constitution must "subsist[] through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478 (1990)). To show a live controversy in the criminal context, the petitioner must demonstrate "some concrete and continuing injury other than the now ended [detention]—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7-8 (alteration supplied); *see also Cochran*, 381 F.3d at 640. If not, and the petitioner

fails to demonstrate sufficient collateral consequences, the action must be dismissed for lack of subject matter jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

To show a live controversy, Mr. Cruz-Calix argues that he was merely released on an order of supervision that restricts his liberty in several ways. The order imposes reporting requirements of his living and working arrangements and requirements that he provide certain information or assistance to ICE, and the order further makes his supervision contingent upon enrollment and participation in certain programs. Dkt. 12. He is also subject to GPS monitoring, as well as mandatory office and home visits. Dkt. 13. Violation of these conditions subjects him to revocation of immigration benefits, re-detention, or even criminal prosecution. Dkt. 12.

Of course, as Mr. Cruz-Calix argues, restrictions on certain liberties can be sufficient for purposes of an Article III case-or-controversy in the context of a collateral consequence. *See, e.g., Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968) (finding the habeas petition was not moot because, as a "consequence of his conviction, [the petitioner] [could not] engage in certain businesses," "serve as an official of a labor union for a specified period of time," "vote in any election" and "serve as a juror.").

But Mr. Cruz-Calix challenged his detention, which was pursuant to a final removal order, so he is subject to 8 U.S.C. § 1231. This section applies once a noncitizen is "ordered removed," whether that be from an initial removal order or a reinstated order, which requires the Department of Homeland Security to "physically remove him from the United States within a 90-day 'removal period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528-29 (2021) (first citing 8 U.S.C. § 1231(a)(1)(A), then citing 8 U.S.C. § 1231(a)(2)). During this period, "detention is mandatory." *Id.*

If a noncitizen is not removed within the 90-day removal period, he "shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). That is, of course, if he is not discretionarily detained beyond the removal period under § 1231(a)(6), which is not currently at issue. This relief, release from to detention to supervision, is all that this Court could have offered Mr. Cruz-Calix through habeas corpus. The Court cannot go beyond § 1231(a)(3) and order his release without any conditions of supervision. The Court lacks jurisdiction to prevent execution of his order of removal, issue an indefinite stay of the removal order, or otherwise make the order of removal disappear. *See* 8 U.S.C. § 1252(g); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

With respect to non-compliance with the *ICWC* court's order and whether this is a sufficient collateral consequence, Mr. Cruz-Calix does not supply any authority to support this Court's ability to enforce that order through a habeas corpus action. Even if he did, the Court has serious doubts as to whether there was even a violation of the *ICWC* court's order. Mr. Cruz-Calix was arrested by ICE on April 27, nearly a full month before the court in *ICWC* issued its preliminary injunction on May 20, 2026. *See* dkt. 5 at 14 (requesting the Court to declare that Mr. Cruz-Calix's violated the ICWC order from May 20, 2026). So, assuming he is a class member, he would not have been detained in violation of the *ICWC* court's order.

And even if it was in violation of the order, the remedy would be at most release to supervision. The order prevents detention or removal for applicants who have requested stay of the removal order without first conducting an inquiry into whether the petition presents a prima facie case for approval. This does not prevent ICE from imposing conditions of supervision on noncitizens subject to final orders of removal.

In sum, the instant petition is limited exclusively to whether Mr. Cruz-Calix was "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. He isn't in custody anymore and the conditions of supervision are not sufficient to maintain a live case-or-controversy because they are required by statute. Any asserted violation of the Central District of California's order in *ICWC* does not alter this conclusion.

Finally, the Court declines to issue an order directing the Respondents to show cause why they should not be held in contempt for transferring Mr. Crux-Calix to Missouri. Mr. Cruz-Calix was transferred to Green County in Missouri the same day that the Court issued an order directing service of the petition on June 6, 2026. The Respondents were not served with that order until June 8, 2026, so contempt would be inappropriate.

### III.    Conclusion

In light of the foregoing, the petition for writ of habeas corpus, dkt. [5], is **dismissed without prejudice** for lack of subject matter jurisdiction. The motion for temporary restraining order, dkt. [6] is **denied** as moot. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Dated:  July 10, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel